**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| SUNNOVA ENERGY | ) | Case No. 25-90160 (CML) |
| CORPORATION, *et al.*, | ) |  |
|  | ) |  |
| Debtors. | ) |  |
|  | ) |  |

|  |  |  |
|---|---|---|
| RAFAEL CLAUDIO | ) | Adv. Pro. No. 25-[_____] |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) |  |
|  | ) |  |
| SUNNOVA ENERGY CORPORATION | ) |  |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

---

## ADVERSARY COMPLAINT

---

Plaintiff, Rafael Claudio, files this adversary complaint against Defendant,

Sunnova Energy Corporation, and pleads as follows:

*(JURY TRIAL DEMANDED)*

## INTRODUCTION

1.      This is a lender liability consumer adversary complaint brought against lender, Defendant, Sunnova Energy Corporation. This adversary complaint relates to Plaintiff, Rafael Claudio's, purchase and financing of an incompletely installed, non-functioning, and dangerous home solar panel system. In the transaction at issue in this litigation, Windmar Home Florida, Inc. ("WHF"), is the seller-installer and Defendant, Sunnova Energy, is the lender.

2.      This case also involves the forgery of Plaintiff's electronic signature on a new, second, solar lease/purchase agreement where the price inexplicably increased from $62,150.83 to $92,150.83.

3.      This case involves an illegal, non-permitted, home solicitation of the Plaintiff where seller-installer, WHF, sold the Plaintiff a 17.68 Kw Tesla photovoltaic solar system that it promised to install in a professional and workmanlike manner. However, years after the execution of this agreement, the installation of this solar system remains incomplete or otherwise improper, without delivery of the promised electricity production.

4.      Plaintiff now understands WHF to have been a known bad actor in the home solar panel business, a fact about which Sunnova Energy either did know, or should have known. One of the central allegations of this adversary complaint is that WHF acted as an agent of Defendant, Sunnova Energy, generally, and

specifically in connection with the in-home sale, and closed-circuit financing involved in Plaintiff's consumer transaction.

5.     One fundamental basis for this adversary complaint is that WHF and their representatives acted negligently and deceptively during the solicitation, sales, and installation process for the solar panel system and purchased by Rafael Claudio and financed by Sunnova Energy. This negligence resulted in a solar panel system that has never operated as promised, failed to eliminate Plaintiff's electricity bills, and that has not delivered the substantial financial savings that Plaintiff was promised.

6.     Another fundamental basis for the filing of this lawsuit is the forgery of Plaintiff's electronic signature on a new, second, solar lease/purchase agreement where the price inexplicably increased from $62,150.83 to $92,150.83.

7.     A third fundamental basis for the filing of this lawsuit is Sunnova's deceptive lending practices related to the undisclosed "dealer fee" in the Plaintiff's consumer loan.

8.     Despite these failures, Defendant, Sunnova Energy, as the lender for the transaction and the principal to its agent, WHF, unreasonably continues to demand payment from Rafael Claudio.

9.     Sunnova Energy, as the exclusive lender and principal to WHF, bears derivative liability for the deceptive practices, negligence, and fraudulent

misrepresentations committed by WHF. These wrongful actions have caused significant economic and emotional distress to Rafael Claudio, who continues to incur financial losses and safety risks.

10.     Additionally, Sunnova Energy conspired with WHF to deceive and defraud Plaintiff by concealing the true cost of the solar system installation, and its financing, at issue in this dispute. Sunnova Energy knowingly and falsely represented to Plaintiff that the annual percentage rate on the residential solar loan at issue in this dispute is 1.99%. This is false. The actual annual percentage rate for the Sunnova Energy financing of this transaction is much higher than 1.99%.

11.     The reason for this is simple: approximately one-third of the represented solar system installation price to Plaintiff was, in reality, a deceptive and illegal "program fee" packaged into the loan and payable to Sunnova Energy. Thus, the actual price of the installation for the solar system that WHF sold to Plaintiff was substantially less than the $92,150.83[1], represented and financed. This inflation of the installation costs, and with "program fee" kickback to Sunnova Energy, it necessarily follows that the actual total finance charges for the life of the Sunnova Energy consumer loan at issue in this dispute is materially higher than

---

[1] This is, for the sake of argument, giving Sunnova the benefit of the second contract price of $92,150.83. Plaintiff contends that the only system price to which he ever agreed is $62,150.83, and that any other agreement with a different system price is a forgery. Curiously, the "amount financed" in the WHF solar sales and installation contract is $90,751.00. However, the "amount financed" in the (disputed) Sunnova loan agreement is $92,150.83.

$28,371.57 represented to Plaintiff. Thus, any loan disclosures or Truth in Lending Act (TILA) disclosure that Sunnova Energy provided to Plaintiff for this transaction were knowingly false.

12. The above facts also necessarily entail that the real annual percentage rate on the Sunnova Energy loan that is at issue in this dispute is materially higher than the represented 1.99% finance rate in the TILA disclosures. This deceptive and fraudulent action by Sunnova Energy gives rise to lender liability for common law fraud, for violations of the FDUTPA (Florida), and for violations of the federal Truth in Lending Act.

13. This adversary complaint involves Rafael Claudio's home located at 2780 43rd Ave NE Naples, FL  34120.

14. This adversary complaint pleads the following causes of action under Florida and federal law: (1) breach of contract (seeking the remedy of rescission of contract, or in the alternative, money damages); (2) violations of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA); (3) breach of the duty of good faith and fair dealing; (4) negligence – construction defects; (5) fraud; (6) violations of the federal Truth in Lending Act; and (7) violations of the federal Fair Credit Reporting Act.

## JURISDICTION AND VENUE

15.     This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure. This Court has jurisdiction over this adversary proceeding under 28 U.S.C. §§ 157. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K). Consistent with Rule 7008 of the Bankruptcy Rules and Rule 7008-1 of the Bankruptcy Local Rules for the Southern District of Texas, the Plaintiff consents to the entry of final orders or a final judgment by this Court in this adversary proceeding.

16.     The Court has "related to" jurisdiction under section 1334(b) of title 28 of the United States Code. The Court has "related to" jurisdiction based upon the tort claims and relief sought against Sunnova Energy, a debtor in this bankruptcy proceeding.

17.     Venue in this district is proper under to 28 U.S.C. §§ 1408.

18.     However, this dispute is subject to a binding arbitration clause. Plaintiff reserves the right to move this Court to refer this dispute to JAMS arbitration.

## PARTIES

19.     Plaintiff, Rafael Claudio, is a resident of Collier County, Florida.

20.     Defendant, Sunnova Energy Corporation, is a Delaware limited liability company.

21.    Plaintiff brings his claims against Sunnova Energy in its capacity as the lender and holder of a consumer credit contract issued for the sale and installation of a solar panel system at his residence. This is a lender liability action.

22.    Under the FTC Holder in Due Course Rule and Florida principal-agency law, Sunnova Energy is derivatively liable to Plaintiff for all the wrongful and tortious acts and omissions of its agent, WHF, associated with the solar panel transaction at issue in this case.

23.    Further, Sunnova Energy is directly liable for its own fraud and dishonesty in lending as it relates to the hidden, non-disclosed, finance charges packaged into the WHF solar system sales price and kicked back to Sunnova Energy. Sunnova Energy is also directly liable to Plaintiff for its false and inaccurate credit reporting activities.

## FACTS

24.    On or about February 2022, a sales representative of WHF, initiated contact with Plaintiff, Rafael Claudio, at home in Florida. WHF initiated this in-home sales solicitation without the required permit in violation of Florida Statute 501.021-22.

25.    "So, violation of 501.021 would likely render a contract voidable, allowing the buyer to rescind," *Spence, Payne, Masington & Grossman, P.A. v. Philip M. Gerson, P.A.*, 483 So. 2d 775, (Fla. 3d DCA 1996). "Under Florida law,

contracts are voidable if they violate a statute or public policy, lack consideration, certainty, or mutuality, or contain harsh or unconscionable provisions," (1 Florida Torts § 28.03 (2023)).

26.     The WHF representative presented a proposal for a solar panel system that promised to eliminate Rafael Claudio's electrical bill, provide substantial financial savings, and qualify him for a significant refundable federal income tax credit (rebate).

27.     The WHF salesman also represented to Plaintiff that the total cost of his solar system – the amount to be financed by Sunnova – is $62,150.83. WHF forged Plaintiff's electronic signature on a second version of the WHF sales agreement and the Sunnova loan agreement showing figures of over $90,000.

28.     WHF is the seller-installer of the solar panel system at issue in this proceeding.

29.     Sunnova Energy is the consumer fintech lender in this transaction. Plaintiff financed the purchase and installation of the solar panel system through a loan issued by Sunnova Energy.

30.     The total purported (but not true) price of this home solar system was $90,751.00 (according to the disputed WHF sales contract) or $92,150.83 (according to the disputed Sunniva loan agreement).

31.     The represented (but not true) annual percentage rate on the Sunnova Energy residential solar loan at issue in this case is 1.99%.

32.     The represented (but not true) total finance charges for the life of this Sunnova Energy residential solar loan is $28,371.57.

33.     The true price of this solar system was approximately $40,000 (this is comprised of taking the promised price of $62,150.83, and deducting the Sunnova dealer fee of approximately 30% of the sales price).

34.     The real total finance charges for the life of the loan are in the range of a shocking $80,000. This based upon the real system price being $40,000 and a total amount of loan payments over this 25-year loan as being $120,522.40.

35.     WHF is responsible for the installation of a 17.68 kW home solar system, including 52 solar panels and inverters at Plaintiff's home.

36.     WHF performed its installation work incorrectly, improperly, and unreasonably carelessly.

37.     To this day, the solar system has never functioned properly or eliminated Plaintiff's monthly electricity bills.

38.     WHF, while acting within the scope of its agency to Sunnova Energy, made numerous fraudulent, misleading, and deceptive representations to Plaintiff including:

a.) That the solar system would eliminate his monthly electric bill;

b.) That the solar system would qualify Plaintiff for a refundable federal income tax rebate; and

c.) That the system would provide immediate financial savings and allow for the resale of excess energy.

39.     Based on these representations, Plaintiff entered a contract with WHF for the purchase and installation of the solar system and financed the project through a loan from Sunnova Energy.

40.     None of the representations made by WHF, and reasonably relied upon by Plaintiff, came to fruition. Plaintiff has not experienced the promised financial savings, continues to pay his electric bills, and remains burdened by the costs of a defective and incomplete solar system.

41.     The fraudulent or negligent actions of WHF and Sunnova Energy have caused significant harm to Plaintiff.

### *Sunnova Energy's Financing Scheme*

42.     The deceptive sales tactics of solar panel installation contractors, such as WHF are enabled, facilitated, and ratified by the companies that provide loans and loan servicing for residential solar transactions.

43.     Defendant, Sunnova Energy, is an online lender that utilizes a paperless point-of-sale system for generating loans. The focus of Defendant's business is arranging loans to finance the purchase and installation of solar panel

systems and related equipment on the homes of individual customers. Defendant is one of the largest lenders in this segment of the consumer marketplace.

44.     To expand its business, Defendant, Sunnova Energy, designed, implemented, and oversees consumer loans/home improvement loans for solar panel systems. Defendant entices solar panel installation contractors, such as WHF, to join his consumer loan/home improvement loan program by promising that participation will significantly increase sales. Under this program, the contractors become Defendant, Sunnova Energy's "Agents," and the sales representatives of these "Agents" are deputized to simultaneously sell customers both solar panels and financing through Sunnova Energy's loans. The availability of financing allows these "Agent" contractors to close more transactions and increase revenue.

45.     Defendant, Sunnova Energy, vests the sales representatives of its "Agents" with the authority to obtain nonpublic Personally Identifiable Information from consumers and to submit loan applications on his behalf. These sales representatives, acting as partners of Defendant, generate loans without verification of their qualifications to lawfully sell solar panel systems to consumers.

46.     Defendant, Sunnova Energy, offers its "Agents" immediate, on-the-spot loan approval through an electronic, paperless process. This guarantees

contractors like WHF, swift transactions and prompt payment for every closed deal.

47.    Defendant, Sunnova Energy, retains a portion of every loan generated by the sales representatives of its "Agents" to cover fees and charges. Both Sunnova Energy and the "Agent" contractors financially benefit from each loan generated. Sunnova Energy is incentivized to maintain the satisfaction of its "Agents," as they are critical partners in the consumer loan program and a primary source of Sunnova Energy's revenue.

48.    The consumer loan/home improvement program enables and facilitates the exploitation of consumers by unscrupulous solar installation contractors who act as "Agents" in the program. There are no effective safeguards to protect consumers, resulting in loans that consumers often do not fully understand.

49.    Defendant, Sunnova Energy's business model enables its "Agents" to reap significant profits by saddling consumers with tens, sometimes hundreds of thousands of dollars of debt. The focus on speed, the paperless system, and financial incentives allow "Agents" to lock customers into financing quickly, receive immediate payment through the program, and avoid accountability when issues arise.

50.     Defendant, Sunnova Energy, neglects to exercise adequate oversight over its "Agents," despite granting them significant authority to bind customers into loans. Instead, it relies on superficial warranties and representations in contracts with its "Agents" while collecting substantial fees from each loan generated.

51.     Additionally, Defendant, Sunnova Energy, fails to disclose hidden program fees built into the loans, which are misrepresented to customers as equipment and labor expenses. This deceptive practice inflates costs for borrowers like Plaintiff, while generating additional revenue for Sunnova Energy.

## FIRST CAUSE OF ACTION
### (Breach of Contract)

52.     The allegations of paragraphs 1-51 are incorporated here.

53.     WHF, acting as agent of Sunnova Energy, materially breached its contract with the Plaintiff by failing to install a solar panel system that properly functions.

54.     WHF promised Plaintiff that he would have 17.68 kW electricity-producing solar panels installed at his home. This did not occur.

55.     WHF promised Plaintiff a home solar system that would produce thousands of Kilowatts of electricity annually and would. This did not occur.

56.     Under the FTC's Holder in Due Course Rule, Florida state principal-agency law, and language in the Sunnova Energy loan contract, Sunnova Energy is liable to Plaintiff for the breaches of its agent, WHF.

57.     As a result of WHF's material breach of contract, for which Sunnova Energy is derivatively liable, Plaintiff is entitled to recover against Sunnova Energy for the cause of action of breach of contract.

58.     Plaintiff elects the remedy of rescission of the contract for this breach of contract. In the alternative, Plaintiff demands for money damages (if, and only if, his request for rescission as the proper remedy for this claim is denied).

59.     Plaintiff demands rescission of the Sunnova Energy loan agreement and a refund of all monies paid under it, along with an award of pre-and post-judgment interest, costs, and all reasonable attorneys' fees incurred in this dispute.

## SECOND CAUSE OF ACTION
**(Violations of the Florida Deceptive and Unfair Trade Practices Act (FDUPTA) FLA. STAT. 501.201)**

60.     The allegations of paragraphs 1-51 are reincorporated.

61.     WHF and Sunnova Energy made material misrepresentations to Plaintiff that were false and misleading. WHF made false representations about the functioning and power generation that the solar system it sold to Plaintiff would provide. Meanwhile, both WHF and Sunnova Energy made knowingly false statements to Plaintiff, upon which he reasonably relied, about the real system

price, applicable loan interest rate, and the total amount of finance charges to be assessed in this consumer transaction.

62. A consumer's claim for damages under FDUTPA has three elements: (1) a deceptive act or unfair practice; (2) causation; and (3) actual damages.

63. The high-pressure sales tactics and material misrepresentations made by WHF and Sunnova Energy to Plaintiff constitute deceptive acts or unfair practices under FDUTPA.

64. The sale and installation of a defective solar panel system, accompanied by multiple misrepresentations, constitute deceptive acts or unfair practices under FDUTPA.

65. The false promises made by WHF that the solar panel system would eliminate Plaintiff's electric bills and provide substantial financial savings constitute deceptive acts or unfair practices under FDUTPA.

66. The guarantees of quality workmanship free of defects, as well as assurances that any property damage caused during installation would be repaired, also constitute deceptive and unfair business practices.

67. WHF illegally, unfairly and deceptively solicited Plaintiff's business by promoting the purchase and installation of equipment to supposedly improve energy savings, none of which has reduced his electricity bills.

68.     These unfair and deceptive trade practices induced Plaintiff's reliance on these false promises.

69.     WHF and/or Sunnova forged Plaintiff's name on a second set of transaction documents, with an over $30,000 unauthorized increase in the system price and principal amount of the Sunnova loan.

70.     Sunnova Energy deceptively hid program dealer fees in the loan total presented to Plaintiff, instead lying and packaging these hidden finance charges into the "sale price" of the solar system. This also led to knowing misrepresentations of the effective interest rate on this loan and the total amount of finance charges to be paid by Plaintiff. These lies constitute deceptive and unfair business practices under FDUPTA.

71.     These representations were material to Plaintiff's decision to enter the contract.

72.     Plaintiff was unaware of the falsity of these representations.

73.     The representations were relied upon by Plaintiff, who was ignorant of their falsity.

74.     Plaintiff had a right to rely on these representations and did, in fact, rely on them to his detriment, ultimately purchasing and financing the defective solar system in question.

75. Under the FTC's Holder in Due Course Rule, Florida state principal-agency law, and language in the Sunnova Energy loan contract, Sunnova Energy is liable to Plaintiff for the misrepresentations and deceptive acts committed by its agent, WHF. Sunnova Energy is directly liable to Plaintiff for its own dishonesty in lending, as detailed in this pleading.

76. Plaintiff is entitled to recover against Sunnova Energy all actual damages, attorneys' fees, and a rescission of his loan and all transaction documents associated with the underlying home solar transaction.

## THIRD CAUSE OF ACTION
### (Breaches of the Duty of Good Faith and Fair Dealing)

77. The allegations of paragraphs 1-51 are reincorporated.

78. Every contract under Florida law carries with it the duty of good faith and fair dealing.

79. Sunnova Energy is derivatively liable to Plaintiff for the false promises of its agents, WHF, regarding the solar system's performance, system price, effective loan interest rate, and the amount of finances charges contained in the Sunnova loan terms.

80. Sunnova Energy is directly liable to Plaintiff for the breaches of the duty of good faith and fair dealing that it has committed against Plaintiff regarding the hidden finance fees. These direct breaches of good faith and fair dealing on the part of Sunnova Energy stem from the fraudulently inflated solar system "sales

price" for this transaction, with the correspondingly and artificially deflated interest rate disclosure.

81. Plaintiff demands for all actual damages, rescission of transaction documents, punitive damages, attorneys' fees, costs, and pre-and-post judgment interest allowed by law for this breach of the duty of good faith and fair dealing cause of action.

## FOURTH CAUSE OF ACTION
**(Negligence / Gross Negligence – Construction Defects)**

82. The allegations of paragraphs 1-51 are reincorporated.

83. WHF, as agent of Sunnova Energy, installed the solar panel system at Plaintiff's residence in a careless and substandard manner.

84. Sunnova Energy is derivatively liable for these breaches of the standard of care that its agent, WHF, has committed.

85. Sunnova Energy is derivatively liable for the damage caused by these breaches of the standard of care by its agents. These damages include the lack of energy savings that would be generated but for the unreasonable installation practice of WHF.

86. Plaintiff demands judgment for all actual damages, rescission of transaction documents, attorneys' fees, costs, and pre-and post-judgment interest allowed by law for this negligence (construction defects) cause of action.

## FIFTH CAUSE OF ACTION
### (Fraud)

87.     The allegations of paragraphs 1-51 are reincorporated.

88.     The false promises made by WHF that the solar panel system would eliminate Plaintiff's electric bills and provide substantial financial savings constitute material misrepresentations.

89.     The guarantees of quality workmanship free of defects also constitute material misrepresentations.

90.     WHF unfairly and deceptively solicited Plaintiff's business by promoting the purchase and installation of equipment, to supposedly improve energy savings, none of which has reduced his electricity bills.

91.     The WHF salesman also represented to Plaintiff that the total cost of his solar system – the amount to be financed by Sunnova – is $62,150.83. WHF forged Plaintiff's electronic signature on a second version of the WHF sales agreement and the Sunnova loan agreement showing figures of over $90,000.

92.     These unfair and deceptive trade practices induced Plaintiff's reliance on these false promises.

93.     Sunnova Energy deceptively hid program fees in the loan total presented to Plaintiff, instead lying and packaging these hidden finance charges into the "sale price" of the solar system. This also led to knowing misrepresentations of the effective interest rate on this loan and the total amount of

finance charges to be paid by Plaintiff. These lies constitute material misrepresentations.

94. These representations were material to Plaintiff's decision to enter the WHF sales and installation agreement and the Sunnova Energy loan agreement for this transaction.

95. Plaintiff was unaware of the falsity of these representations.

96. The representations were relied upon by Plaintiff, who was ignorant of their falsity.

97. Plaintiff had a right to rely on these representations and did, in fact, rely on them to his detriment, ultimately purchasing and financing the defective solar system in question.

98. Under the FTC's Holder in Due Course Rule, Florida state principal-agency law, and language in the Sunnova Energy loan contract, Sunnova Energy is liable to Plaintiff for the misrepresentations and deceptive acts committed by its agent, WHF. Sunnova Energy is directly liable to Plaintiff for its own dishonesty in lending, as detailed in this pleading.

99. Plaintiff is entitled to recover against Sunnova Energy, all actual damages, punitive damages, attorneys' fees, and a rescission of his loan balance.

### SIXTH CAUSE OF ACTION
**(Violations of the Truth In Lending Act, 15 U.S.C. §§1601 *et seq.*)**

100. The allegations of paragraphs 1-51 are reincorporated.

101.   The federal Truth in Lending Act, TILA, requires creditors who deal with consumers to make certain written disclosures concerning finance charges and related aspects of credit transactions (including disclosing an annual percentage rate) and comply with other mandates, and requires advertisements to include certain disclosures.

102.   TILA requires creditors to disclose the finance charge as a dollar amount on consumer credit disclosures. The finance charge is the total amount of interest and fees paid over the life of a loan, assuming on-time payments.

103.   Sunnova Energy made material misrepresentations in the loan disclosures that it, or its agent, WHF, provided to Plaintiff in connection with the transaction at issue in this dispute. These knowing and material misrepresentations aimed at concealing the illegal "program or dealer fee" that Sunnova Energy charged to Plaintiff violate Regulation Z of the TILA.

104.   Approximately one-third of the represented solar system installation price to Plaintiff was, in reality, a deceptive and illegal "program fee" packaged into the loan and payable to Sunnova Energy. Thus, the actual price of the installation for the solar system that WHF sold to Plaintiff was substantially less than the $92,150.83, represented and financed. This inflation of the installation costs, and with "program fee" kickback to Sunnova Energy, it necessarily follows that the actual total finance charges for the life of the Sunnova Energy consumer

loan at issue in this dispute is materially higher than $28,371.57 represented to Plaintiff. Thus, any loan disclosures or Truth in Lending Act (TILA) disclosure that Sunnova Energy provided to Plaintiff for this transaction were knowingly false.

105.   These hidden finance fees are "buyer's points" under Regulation Z of the TILA that are required to be disclosed. They are not "seller's points".

106.   As a result of these TILA violations, Plaintiff was damaged and he requests an award of all actual damages, statutory damages, treble damages, compensatory damages, rescission of the Sunnova Energy loan, attorneys' fees, costs, and for any other relief this tribunal deems proper.

## SEVENTH CAUSE OF ACTION
**(Violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*)**

107.   The allegations of paragraphs 1-51 are reincorporated.

108.   The Fair Credit Reporting Act (FCRA) shields consumers from the willful or negligent inclusion of erroneous data in their credit reports.

109.   Sunnova Energy has knowingly reported false information on Plaintiff's credit reports with the major credit reporting bureaus since the inception of this loan.

110.   The false information that Sunnova Energy has, and continues to report, against the credit history of Plaintiff includes false information on the true loan amount (not counting the fraudulent kickback at issue in this case); false information on the true loan balance; false information on the effective interest

rate; false information about this loan being due and payable; and false information about this account being delinquent.

111. Plaintiff has disputed these false and inaccurate credit reporting activities. Sunnova Energy has falsely affirmed to the major credit bureaus that its credit reporting as to Plaintiff has been correct and accurate. This is yet another lie on the part of Sunnova Energy.

112. Plaintiff has suffered harm as a direct result of these false and inaccurate credit reporting activities.

113. As a result of these FCRA violations, Plaintiff was damaged and he requests an award of all actual damages, statutory damages, treble damages, compensatory damages, attorneys' fees, costs, and any other relief this tribunal deems proper.

Respectfully Submitted,

The Joshua S. Horton Law Firm, PA
d/b/a Legal Rebels Law

*/s/ Joshua S. Horton*
The Joshua S. Horton Law Firm, PA
Attorney for Adversary Plaintiff
107 Pond Apple Lane # 102
Jupiter, FL 33458
561-440-5211 - Telephone
561-584-5212 – Facsimile
Email: josh@joshuahortonlaw.com
Florida Bar No: 1009130

and

*/s/ Macy D. Hanson*
MACY D. HANSON
Miss. Bar # 104197
macy@macyhanson.com
The Law Office of Macy D. Hanson
102 First Choice Drive
Madison, Mississippi 39110
Telephone: (769) 567-1934
Facsimile: (601) 853-9327